**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**-vs-**

**TERRENCE L. POUNDS, SR.**

**Defendant.**

**Case No. 5:21-CR-317**

**JUDGE PAMELA A. BARKER**

**MEMORANDUM OPINION & ORDER**

Currently pending before the Court is Defendant Terrence L. Pounds Sr.'s ("Defendant" or "Pounds") Pro Se Motion for Compassionate Release ("Defendant's Motion"). (Doc. No. 263.)[1] The Court appointed the Federal Public Defender's Office to file a supplement to Defendant's Motion, or a notice that states no supplement will be filed. (Non-Doc. Order of 4/17/2026.) On July 17, 2026, the Federal Public Defender's Office, through its attorney, filed a Supplement to Defendant's Motion ("the Supplement").[2] (Doc. No. 268.)[3] On August 17, 2026, the United States of America filed the

---

[1] Attached as Doc. No. 264-1 to Defendant's Motion that the Court has reviewed are: 1) a letter of Support from Michelle Pounds (PageID #s 1476-78); 2.) a copy of the Death Certificate for Tanaro L. Pounds, who at 21 years old, died on 12/12/25 (PageID #s 1479-80.); 3.) a copy of the Statement of Funeral Goods and Service dated 2/28/26 for Jonetta Eirleen Pounds (PageID # 1481); 4.) a copy of a notice of a complaint for foreclosure under case no. C12025-01612 that does not include any identifying information, from the Lucas County Court of Common Pleas (PageID # 1482); 5.) a letter of support from Minister Marquis L. Kimble (PageID #s 1483-1486); and 6.) a letter of support from William Aato (PageID #s 1487-88).

[2] On May 28, 2026, Pounds filed a Pro Se Motion to Proceed Pro Se on his Compassionate Release Motion, to End Further Federal Public Defendant Involvement, to Deny Requested Continuance, and to Request a Prompt Ruling. (Doc. No. 267.) However, in the Supplement, Attorney Kazi represented that "[w]hile Mr. Pounds filed a motion to end counsel's representation and proceed without a supplement filed by counsel (R. 267), counsel subsequently discussed the matter with Mr. Pounds and determined that counsel would file a supplement to provide any additional support from the documents received from the BOP." (Doc. No. 268, PageID # 1519.)

[3] Attached as Doc. No. 268-1 and reviewed by the Court are fourteen (14) pages of BOP documents or records concerning Pounds constituting or delineating: 1.) his Work Detail (PageID #s 1524-25);2.) his Male Custody Classification Form (PageID #s 1526-27); 3.) his Sentence Monitoring Computation Data as of 5/21/2026 (PageID # 1528-31); 4.) his FSA Recidivism Risk Assessment (PageID #s 1532-33); and his Summary Reentry Plan – Progress Return dated 7/14/2025 (PageID #s 1534-37).

Government's Response in Opposition to Defendant's Motion ("the Government's Opposition"). (Doc. No. 270.) On August 27, 2026, a Reply to the Government's Opposition was filed ("Defendant's Reply") and then, upon being granted leave by this Court to do so, the Government filed a Sur-Reply to Defendant's Reply ("the Government's Sur-Reply"). (Doc. Nos. 272, 274.) For the reasons set forth below, Defendant's Motion is DENIED.

## I. BACKGROUND

Pounds pled guilty to one (1) count of Conspiracy to Commit Wire Fraud, nine (9) counts of Wire Fraud and three (3) counts of Engaging in a Monetary Transaction in Property Derived from Criminal Activity. On March 20, 2024, he was sentenced to 94 months of imprisonment and three (3) years of supervised release. (Doc. No. 243.) Also, he was ordered to pay restitution totaling $4,239,940.43, jointly and severally with certain co-defendants. (*Id.*, PageID # 1322.) Pounds admitted that, in 2020, he had led and organized a COVID-19 relief loan scheme that resulted in this loss amount.

Pounds seeks compassionate release pursuant to U.S.S.G. § 1B1.13(b)(3) for family circumstances that he contends amount to extraordinary and compelling circumstances. Specifically, Pounds asserts that his wife, Michelle, is incapacitated and cannot care for herself due to significant depression resulting from the homicide of their son and the death of his mother, and that he is the only available caregiver for his wife. Also, Pounds explains that he needs to provide caregiving support for his father. Pounds also contends that the sentencing factors under 18 U.S.C. § 3553(a) weigh in favor of his release. And in the Supplement, defense counsel asserts that Pounds had requested that the Warden file a motion for compassionate release before he filed Defendant's Motion on April 17, 2026 and because 30 days have passed, Pounds has satisfied the exhaustion requirement.

(Doc. No. 268, PageID # 1520, citing Doc. No. 263, PageID #s 1468-69.)[4] In the alternative, Pounds asks this Court to convert the remainder of his sentence to a period of supervised release with a period of home confinement.

In the Government's Opposition, the Government responds that Pounds is not entitled to compassionate release because: 1.) he has not exhausted his administrative remedies; 2.) he has not established that there are extraordinary and compelling reasons justifying his early release; 3.) his requested sentencing reduction is inconsistent with the § 3353(a) factors; and 4.) this Court does not have the authority to direct the BOP to place Pounds in home confinement.

In the Defendant's Reply, defense counsel disputes the Government's "alleg[ation]" that Pounds has not satisfied the exhaustion requirement and attaches as Exhibit A, a document from "54685060" to "Warden LOW" with the Subject line reading "***Request to Staff*** POUNDS, TERRENCE, Reg.# 54685060, COL-F-C" dated "05/07/2026" and "To: Mr. Mendoza Inmate Work Assignment: Education" that in the body reads in relevant part as follows: "Warden I am requesting that you file a 3583(c)(1)(A) motion on my behalf seeking compassionate release as caregiver to my wife and father and grand children." (Doc. Nos. 272, PageID # 1556; Doc. No. 272-1, PageID # 1558.)

---

[4] However, at PageID #s 1468-69 of Defendant's Motion, Pounds wrote: "Defendant seeks relief under 18 U.S.C. § 3582(c)(1)(A), which authorizes the sentencing court to reduce a term of imprisonment after the defendant has either exhausted administrative remedies or after 30 days have lapsed from the warden's receipt of a request, whichever is earlier. The prior motion asserts that exhaustion has been satisfied or, in the alternative, asks the Court to deem the requirement satisfied in light of the urgency and humanitarian nature of the matter and to allow supplementation if necessary. To the extent the Court requires additional documentation of exhaustion, Defendant respectfully requests leave to supplement rather than outright denial, because the family crisis described here is immediate, severe, and ongoing." (Doc. No. 263, PageID #s 1468-69.) The Court does not know what Pounds is referring to when he writes "prior motion" since there is no prior motion dealing with compassionate release. Indeed, throughout Defendant's Motion, Pounds refers to the "prior motion" or the "attached motion" but there is no other motion concerning compassionate release filed on the docket. (Doc. No. 263, PageID #s 1469-1472.)

In the Defendant's Reply, defense counsel also asserts that "[t]he government erroneously argues Mr. Pounds has failed 'to make even token payments on his financial obligations.' (R. 270: Govt. Opp., PageID 1550)[]" and represents merely that "Mr. Pounds has told counsel that prior to his incarceration he paid a lot of money towards his financial obligations and continues to have money taken out of his account every month from the Bureau of Prisons." (*Id.*) Defense counsel concedes that the Government is correct in arguing that this Court does not have the authority to order the Bureau of Prisons to place Mr. Pounds in home confinement but submits that Pounds is not asking this Court to do so. Defense counsel asserts that "Mr. Pounds is asking this Court to do what the statute permits – reduce his sentence to time served, impose an additional term of supervision up to the amount of "the unserved portion of the original term of imprisonment", and impose a condition of home confinement during that period of supervision, which is within the Court's authority to do under 18 U.S.C. § 3582(c)(1)(A).

In the Government's Sur-Reply, the Government argues that the May 7, 2026 e-mail that Pounds sent weeks after he filed Defendant's Motion fails to prove exhaustion of administrative remedies because the "out-of-order process does not meet the statutory exhaustion requirement" and "Defendant's single-sentence request makes a mockery of the concept of exhaustion, undermining its core purpose." (Doc. No. 274, PageID 1562.) Indeed, citing the discrepancies between representations made in Defendant's Motion, the Supplement and the Reply, the Government submits "it appears Defendant was bluffing, and hoping not to be pressed on the details, leaving significant questions about whether the many other statements he has made in support of his motion can be trusted." (Doc. No. 274, PageID # 1563.) The Government also represents, and attaches a document to demonstrate, that as of 8/15/2026 Pounds had paid only $800 since his sentencing through BOP

collections, has made no payments towards the restitution of over $4.2 million, and paid not a single dollar while waiting to report to prison to serve his sentence "despite more than $8,000 in positive monthly cash flow at that time and business assets worth over $1.6 million." (Doc. No. 274, PageID # 1563-64, citing the PSR, Doc. No. 238, PageID # 1272; Doc. No. 274-1.)

## II. LAW AND ANALYSIS

Before a defendant may file a motion for compassionate release, he must first present his case for compassionate release to the warden at his BOP institution and wait until either the warden has denied the request or more than 30 days have elapsed since the request was made, and no decision has been made. *See United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). Pounds has not exhausted his administrative remedies; he made a request to the warden after he filed Defendant's Motion. For this reason alone, the Court can and does deny Defendant's Motion. However, even if Pounds had properly exhausted his administrative remedies, the Court finds that he is not entitled to a sentence reduction because he has not established extraordinary and compelling reasons warranting one.

Under § 3582(c)(1)(A), a district court may grant a sentence reduction "only if it finds that the defendant satisfies three requirements: (1) 'extraordinary and compelling reasons warrant such a reduction'; (2) the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission'; and (3) the relevant § 3553(a) factors support the reduction." *United States v. Hunter*. 12 F.4th 555, 561 (6th Cir. 2021) (quoting § 3582(c)(1)(A); *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021); *see also United States v. Jones*, 980 F.3d 1101, 1101 (6th Cir. 2020). In considering a motion for sentence reduction, "district courts may deny [] motions [for sentence reduction] when

any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *Elias*, 984 F.3d at 519.

Under U.S.S.G. §1B1.13(b)(3) "extraordinary and compelling reasons" are defined in relevant part to include:

> (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

Certainly, the Court is sympathetic to the grief and sorrow that the Defendant and his wife are experiencing from the death of their son. However, simply put, Pounds has not shown that either his wife or his father are "incapacitated" or that he is the only available caregiver for either one. Having concluded that Pounds has not demonstrated "extraordinary and compelling reasons" the Court need not address whether the reduction is consistent with applicable policy statements and whether the § 3353(a) factors support the reduction.

Accordingly, Defendant's Motion is DENIED.

**IT IS SO ORDERED.**

*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE

Date: October 27, 2026